24 F.3d 1464
 306 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
John Henry SEARLES, Jr., Appellant.
 No. 93-3187.
 United States Court of Appeals, District of Columbia Circuit.
 May 26, 1994.
Rehearing and Suggestion for Rehearing In Banc
Denied Sept. 15, 1994l*
 
 Before: MIKVA, Chief Judge, BUCKLEY and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 The appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs of counsel, and on oral argument. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 36(b).
 
 
 2
 Appellant seeks to overturn his conviction for possession of cocaine base with intent to distribute, and his sentencing under the career offender provisions of the Sentencing Guidelines. We affirm. We agree with the rationale of United States v. Underwood, 717 F.2d 482 (9th Cir.1983) (en banc). Under Payton v. New York, 445 U.S. 573 (1980), police could enter appellant's motel room to execute an arrest warrant, even without a search warrant. Because appellant has no greater rights as a guest in another person's motel room than he would have in his own home, he cannot challenge the police entry here, even if the third-party renter could do so under Steagald v. United States, 451 U.S. 204 (1981). In addition, the police entry did not violate 18 U.S.C. Sec. 3109 because no "breaking" occurred within the meaning of that statute. And the items seized and admitted into evidence were in plain view or within appellant's reach at the time of his arrest; therefore police could seize them without a warrant.
 
 
 3
 With regard to sentencing, the district court recognized that it had the authority to depart from the career offender provisions if the penalties significantly over-represented appellant's criminal history or likelihood of recidivism. But the court chose not to depart, and that decision is unreviewable. Cf. United States v. Beckham, 968 F.2d 47 (D.C.Cir.1992). We are unconvinced by appellant's argument that the 360-month sentence violates the Eighth Amendment and Due Process Clause, at least when (as in this case) the district court apparently believed that the sentence was just. In view of the district court's satisfaction with the sentence, we have no need to consider the validity of the rulings in United States v. Spencer, 817 F.Supp. 176 (D.D.C.1993), or United States v. Walls, 841 F.Supp. 24 (D.D.C.1994), at this juncture.
 
 
 4
 Finally, the district court correctly denied appellant's motion for a new trial due to ineffective assistance of counsel. The district court properly found that defense counsel's conduct did not fall below an objective standard of reasonableness, and therefore appellant's claim fails the first prong of Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, it is
 
 
 5
 ORDERED and ADJUDGED that the district court's judgment from which this appeal is taken be affirmed.
 
 
 6
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 
 
 *
 Mikva, Chief Judge, did not participate in this matter